IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE II,

    Plaintiff,　　　　　　　　　No. 2:10-cv-3076 LKK KJN P

    vs.

COUNTY OF SACRAMENTO, and
THE STATE OF CALIFORNIA,

    Defendants.　　　　　　　　ORDER

_____/

        Plaintiff, who is not incarcerated, proceeds without counsel in this action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis. Plaintiff appears to challenge his conviction for stalking,[1] including the nature of the charge (misdemeanor versus felony) and the evidence relied upon to reach the conviction, the duration of plaintiff's sentence, and the calculation of his parole date, based on claims that his rights to due process and equal protection have been violated. Plaintiff seeks fifty million dollars in damages and "an injunctive relief order halting the invasive search and seizure non revocable parole this plaintiff is serving . . ." (sic). (Complaint, Dkt. No. 1-1 at 4.)

---

[1] Plaintiff states that he was convicted pursuant to California Penal Code section 649.9 (which does not exist), but appears to reference California Penal Code section 646.9 (stalking).

1

Review of plaintiff's complaint demonstrates that the claims asserted therein may not be cognizable in a federal civil rights action. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a civil rights action premised on an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. Id.; see also Osborne v. District Attorney's Office for Third Judicial District, 423 F.3d 1050, 1053 (9th Cir. 2005) (Heck test applies to civil rights actions for injunctive relief as well as those for money damages).

Examination of plaintiff's complaint indicates that a judgment in plaintiff's favor would necessarily invalidate his conviction and/or sentence, and therefore appears to be "Heck-barred." So construed, plaintiff's complaint must be dismissed unless plaintiff can demonstrate that his conviction or sentence has already been invalidated. Absent such a showing, plaintiff is precluded from challenging, in a federal civil rights action, his conviction, sentence or parole.[2]

In contrast, a federal challenge to the fact of conviction or the length of confinement (sentence and/or parole) may generally be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). An individual serving parole satisfies the "in custody" requirement of this statute. See Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (parole "significantly restrain[s] petitioner's liberty" sufficient to

---

[2] Moreover, plaintiff is informed that he must exhaust available administrative remedies before filing a federal civil rights action. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).

satisfy " 'custody' ... within the meaning of the habeas corpus statute"); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).  It is possible, therefore, that the appropriate mechanism for plaintiff to pursue his claims is a petition for writ of habeas corpus.  Plaintiff is cautioned, however, that a party is required to exhaust state court remedies before pursuing habeas relief in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

For these reasons, plaintiff's complaint will be dismissed, and plaintiff will be given the opportunity to file one of the following, consistent with the principles set forth in this order: (1) an amended civil rights complaint that states a potentially cognizable federal claim, (2) a properly framed habeas petition that demonstrates exhaustion of state court remedies, or (3) a request that this action be voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a).  The court will defer ruling on plaintiff's application to proceed in forma pauperis until plaintiff's next filing.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is deferred pending the court's review of plaintiff's next filing;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of this order to file an amended pleading, as set forth above, or a request to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a);

4. Failure to respond to this order will result in a recommendation that this action be dismissed; and

////
////
////
////
////

5. The Clerk of the Court is directed to send plaintiff the forms used in this district for filing a civil rights complaint and a petition for writ of habeas corpus (plaintiff must make a choice and file only one completed pleading, or a request for voluntary dismissal).

SO ORDERED.

DATED: February 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

houz3076.scrn